■ In the Matter of WILLIAM MYLES, Respondent, v ROGER PHILLIPS, as Sheriff of Orange County, et al., Appellants. In the Matter of DEAN BROWN, Respondent, v ROGER PHILLIPS, as Sheriff of Orange County, et al., Appellants. — In proceedings pursuant to CPLR article 78 to compel petitioners' reinstatement, with back pay, to their positions as Deputy Sheriffs, Roger Phillips, Sheriff of Orange County, and the County of Orange appeal from a judgment of the Supreme Court (Wood, J.), dated September 8, 1981 and entered in Orange County, which, *inter alia,* granted the petitions for reinstatement. Judgment reversed, on the law, without costs or disbursements, and proceedings dismissed on the merits. Petitioners, former Deputy Sheriffs in Orange County, were dismissed on March 16, 1981 for failing to

comply with the provisions of section 3 of the Public Officers Law and of Local Law No. 4 of 1975 of the County of Orange, which require residency within said county. At the time of the dismissals, petitioner Myles was a probationary Deputy Sheriff and petitioner Brown was a permanently appointed Deputy Sheriff. Petitioners argue that as Deputy Sheriffs, they are police officers and, thus, are exempt from the foregoing residency requirements. They rely upon that portion of subdivision 2 of section 3 of the Public Officers Law which declares that: "Neither the provisions of this section or of any general, special or local law, charter, code, ordinance, resolution, rule or regulation, requiring a person to be a resident of the political subdivision or municipal corporation of the state for which he shall be chosen or within which his official functions are required to be exercised, shall apply to the appointment of a person as a member of the police force of any political subdivision or municipal corporation of the state". While petitioners may perform some criminal law enforcement activities, they are not members of the police force of any political subdivision or municipal corporation as contemplated by section 3. Inasmuch as the petitioners were not qualified to hold the offices to which they were appointed because they were not residents of the County of Orange, the appellant Sheriff acted within his powers in terminating their appointments. Damiani, J. P., Mangano, Gibbons and Niehoff, JJ., concur.